UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE TOMPKINS,

    Petitioner,                                          Case No.   8:08-cv-2212-T-23MAP

v.                                                        **DEATH CASE**

SECRETARY, Department of Corrections,
    Respondent.
                                             /

**O R D E R**

Tompkins petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of both his murder conviction and death sentence. The Florida Supreme Court stayed Tompkins's execution until November 18, 2008. The respondent moves to dismiss (Doc. 5) the petition as a second or successive petition that is filed without permission from the circuit court.

Tompkins unsuccessfully challenged his state conviction and sentence in an earlier federal petition, <u>Wayne Tompkins v. Harry K. Singletary</u>, 8:89-1638-CIV-T-99B. The petition was denied on the merits, a decision that was affirmed. <u>Wayne Tompkins v. Michael W. Moore</u>, 193 F.3d 1327 (11th Cir. 1999), <u>cert.</u> <u>denied</u>, 531 U.S. 861 (2000). As a consequence, Tompkins is barred from pursuing a second federal habeas petition unless he first obtains permission from the circuit court. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

the application." 28 U.S.C. § 2244(b)(3)(A).  Tompkins fails to show that he obtained the required permission before filing this second federal habeas petition.

Arguing for an exception to the permission requirement, Tompkins analogizes to Panetti v. Quarterman, ____ U.S. ___, 127 S.Ct. 2842 (2007), which holds that a claim of incompetency at the time of execution is exempt from the permission requirement because the incompetency claim is not "ripe" until the establishment of an execution date.  However, Tompkins asserts no claim of incompetency.  Instead Tompkins seeks to broaden the exception to include a claim, such as a claim based on "newly discovered evidence," that "ripens" after the earlier proceeding.  Section 2244(b)(2) authorizes a second or successive federal petition based on "newly discovered evidence."  Tompkins's proposed interpretation allows the "exception to swallow the rule" because by definition a claim based on newly discovered evidence was neither known nor "ripe" at the time of the earlier federal proceeding.  Tompkins shows no basis to broaden the Supreme Court's narrow exception in Panetti.  Section 2244 provides Tompkins an adequate mechanism for obtaining review of a federal claim discovered after an earlier federal petition.[*]

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as a second or successive petition filed without permission from the circuit court.  The

---

[*] Three of the grounds (II, III, and V) Tompkins asserts in the present petition pend in separate actions in the Florida Supreme Court, SC08-992, SC08-1997, and SC08-2000. Until those proceedings conclude, this federal petition is premature. Although the other two grounds (I and IV) are exhausted, each is based on "newly discovered evidence" for the pursuit of which Tompkins must obtain permission from the circuit court.

motion for leave to proceed in forma pauperis (Doc. 2) and motion for nunc pro tunc appointment of counsel (Doc. 3) are **DENIED** as moot.  The clerk shall close this case.

ORDERED in Tampa, Florida, on November 7, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE